**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21561-BLOOM**

CHAD HUDSON,

Appellant,

v.

RICHARD ANTONIO ESPINOSA,

Appellee.
______________________________________/

**ORDER ON BANKRUPTCY COURT APPEAL**

**THIS CAUSE** is before the Court upon an appeal from the U.S. Bankruptcy Court of the Southern District of Florida ("Bankruptcy Court"), ECF No. [11], filed on April 6, 2026. Appellee filed a Response to the Brief, ECF No. [15], to which Appellant filed a Reply, ECF No. [16]. The Court has reviewed the briefs, the record, and is otherwise fully advised. For the reasons set forth below, the Bankruptcy Court's Order is affirmed. *See* Summary Judgment Order, *Hudson v. Espinosa,* No. 25−01227−CLC, ECF No. [65].

## I. BACKGROUND

Prior to any bankruptcy proceedings, Appellant sued Appellee and others in Colorado state court after discovering that Appellee had been using Appellant's residential rental property for marijuana cultivation, resulting in damage to the premises. ECF No. [7-3] at 5. After a bench trial, the Colorado court entered judgment in Appellant's favor for damages totaling $35,333.43 based on a finding of civil conspiracy and breach of contract (the "Colorado Judgment"). *Id.* at 33. However, the Colorado court found that Appellant had not proven his other claims, including fraudulent misrepresentation, negligent misrepresentation, negligence, trespass and exemplary damages. *See generally id*.

Specifically, as to the civil conspiracy claim, the Colorado court found that Appellee had signed the residential lease and illegally participated in an expansive scheme of marijuana cultivation at the subject property, knowing that such use was contrary to the lease and not approved by Appellant. *Id.* at 17. As to the breach of contract claim, the Colorado court found that Appellee breached his lease agreement with Appellant by permitting smoking of marijuana at the property, failing to pay monthly rent, making structural alterations to the property, failing to maintain the property in its pre-lease condition, engaging in and permitting the growing of illegal quantities of marijuana at the property, and permitting the property to become contaminated by mold. *Id.* at 21.

However, the Colorado court found that Appellant's fraudulent misrepresentation claim failed as Appellant did not prove that any false representation was made regarding Appellee's residence at the property. *Id.* at 18. His negligent misrepresentation claims failed based on Appellant's failure to show justifiable reliance. *Id.* at 19–20. His negligence claim against Appellee was barred by the economic loss rule. *Id.* at 20. His trespass claim failed as Appellant did not show that any defendant was at the property without proper invitation and consent. *Id.* at 22. And importantly, the Colorado court found that Appellant's claim for exemplary damages failed as Appellee's conduct "was not so malicious as to support an award of exemplary damages." *Id.* at 32. The Colorado court did not find that Appellee's "conduct was willful and wanton." *Id.* at 33.

In April 2025, Appellee filed for Chapter 7 bankruptcy. *In Re: Richard Antonio Espinosa*, Case No. 25-14405-CLC (Bankr. S.D. Fla. Apr. 22, 2025). In June 2025, Appellant filed the underlying adversarial proceeding in the Southern District of Florida Bankruptcy Court (the "Underlying Proceeding"), seeking a determination of nondischargeability of the Colorado Judgment pursuant to 11 U.S.C. § 523(a)(6)—that is, he sought a determination that the Colorado Judgment was non-dischargeable due to "willful and malicious injury from [Appellee]'s unlawful

marijuana grow[ing] operation." ECF No. [7-3] at 49. Appellee responded to the Complaint in the Underlying Proceeding, raising, among other affirmative defenses, the defense of collateral estoppel based on the findings in the Colorado Judgment. *Id.* at 63–64.

Discovery became contentious, and "the parties ultimately agreed that the Court could decide the merits of [Appellant]'s claim from the findings of fact contained in the judgment." ECF No. [1] at 7. Accordingly, the Bankruptcy Court entered an order abating all discovery and directing the filing of substantive pleadings. ECF No. [7-1] at 5.

Appellant and Appellee then filed summary judgment motions and their respective oppositions. ECF No. [7-4]. The Bankruptcy Court then issued its Summary Judgment Order, denying Appellant's motion for summary judgment and granting Appellee's motion for summary judgment. ECF No. [1] at 3. In reaching its conclusion, the Court relied only on evidence found in the Colorado Judgment, as both parties agreed that the findings of fact contained in the Colorado Judgment were "entitled to collateral estoppel effect and need not be retried in this case." *Id.* at 4.

Applying Colorado law principles, the Bankruptcy Court found that collateral estoppel applied. *Id.* at 9. The Bankruptcy Court explained that while Appellee's conduct was willful, it was not malicious, both based on "insufficient evidence" of malice and based on the Colorado Judgment's determination of insufficient malice to warrant exemplary damages. *Id.* at 9–11. The Court highlighted that other defendants paid for the property, handled all communications with Appellant, and were directly and substantially involved with the marijuana cultivation. *Id.* at 10–11. Appellee, by contrast, was found only to have known about and participated in the cultivation. *Id.* at 11.

In March 2026, Appellant filed his Notice of Appeal, seeking to appeal the Summary Judgment Order. ECF No. [1]. The appeal is now fully briefed.

## II. LEGAL STANDARD

District courts have jurisdiction to hear timely appeals of final judgments of bankruptcy courts. *See* 28 U.S.C. §§ 157(b), 158(a)(1). A bankruptcy court's legal conclusions and application of the law to the facts of a given case are reviewed *de novo*, and its factual findings for clear error. *Carrier Corp. v. Buckley (In re Globe Mfg. Corp.)*, 567 F.3d 1291, 1296 (11th Cir. 2009); *Club Assocs. v. Consol. CapitalRealty Inv'rs (In re Club Assocs.)*, 951 F.2d 1223, 1228 (11th Cir. 1992). "Under *de novo* review, [a] Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court." *In re Mut. Ben. Offshore Fund, Ltd.*, 508 B.R. 762, 769 (S.D. Fla. 2014) (quoting *Kaiser Aerospace & Elecs. Corp. v. Teledyne Indus., Inc. (In re Piper Aircraft Corp.)*, 244 F.3d 1289, 1295 (11th Cir. 2001) (alterations in original)). Reviewing for clear error, "findings of fact are not clearly erroneous unless, in light of all the evidence, [the reviewing court is] left with the definite and firm conviction that a mistake has been made." *Westgate Vacation Villas, Ltd. v. Tabas (Int'l Pharmacy & Discount II, Inc.)*, 443 F.3d 767, 770 (11th Cir. 2005). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985).

## III. DISCUSSION

Appellant requests oral argument. ECF No. [11] at 58. Appellee does not request oral argument. ECF No. [15] at 4. According to Local Rule 87.4(g) governing Bankruptcy Appeals, "[t]he setting of oral argument is within the discretion of the District Court." S.D. Fla. R. 87.4(g). The Court does not find that oral argument will enhance its consideration of the issues in this appeal and denies Appellant's request as unnecessary.

Appellant raises eight issues on appeal. ECF No. [11] at 6–8. The Court addresses each issue in turn.

**A. Whether Conversion of the Hearing Constituted a Due Process Violation**

Appellant first argues that the Bankruptcy Court violated his due process rights by finding at a hearing on unrelated motions that discovery should be abated and the case directed to dispositive motions. ECF No. [11] at 6. The Bankruptcy Court, he claims, cannot make a "decision of dispositive consequence" without notice. *Id.* at 15–16. Specifically, Appellant argues that a court cannot grant summary judgment *sua sponte* without giving the affected party reasonable notice and an opportunity to respond. *Id.* at 19–20.

Appellee responds that the Bankruptcy Court's ruling did not end the case without warning but directed the parties to file substantive motions by a certain deadline, which Appellant did. ECF No. [15] at 29. The Summary Judgment Order followed a written procedure and full briefing. *Id*.

Following review of the record, the Court finds that the Bankruptcy Court was well within its authority to modify the scheduling of the case and to direct the case to dispositive motions briefing. As an initial matter, the Court did not make a dispositive ruling during the hearing, as Appellant suggests. The Court merely indicated that the parties should prepare dispositive motions *following* the hearing. As such, the due process rights that Appellant references were not violated.

Moreover, a bankruptcy court may, in the interest of justice, make such orders as are appropriate with respect to the timing and sequence of discovery. Fed. R. Bankr. P. 7037; Fed. R. Civ. P. 37. Indeed, Federal Rule of Bankruptcy Procedure 7026 incorporates Federal Rule of Civil Procedure 26, which permits a court, on its own, to limit the frequency or extent of discovery where appropriate. Fed. R. Civ. P. 26(b)(2)(C). The Bankruptcy Court was well within its authority to abate all discovery where it found that doing so was appropriate.

Furthermore, the Bankruptcy Court plainly had the authority to dictate the timing of dispositive motions. Indeed, Federal Rule of Bankruptcy Procedure 9006 states that even where a "rule, notice given under a rule, or court order requires or allows an act to be done within a

specified time, the court may—for cause and with or without a motion or notice—reduce the time." Fed. R. Bankr. P. 9006(c)(1). It is expressly contemplated that the timing of summary judgment motions can be changed whenever "the court orders otherwise." Fed. R. Bankr. P. 7056.

Thus, the Bankruptcy Court did not err when it ordered that discovery be abated and dispositive motions be filed.

**B. Whether the Summary Judgment Order Misstates the Record**

Appellant next argues that the Summary Judgment Order contains reversible error insofar as it characterizes the abatement as something "the parties ultimately agreed to," where, in reality, the Bankruptcy Court "determine[ed]" on its own to abate discovery and order summary judgment briefing. ECF No. [11] at 20–21. Appellant contends that his compliance with the summary judgment briefing schedule does not fix this procedural error. *Id.* at 21.

Appellee responds that there is no record contradicting the Bankruptcy Court's account of the parties' agreement, and even if the phrasing was erroneous, there was no prejudice, as the Bankruptcy Court "decided the issue solely from the Colorado Judgment, and [Appellant] fully litigated that issue through his own summary judgment filings." ECF No. [15] at 30.

The Court finds there was no error. A bankruptcy court's factual findings are upheld unless clearly erroneous. *In re Downtown Properties, Ltd.*, 794 F.2d 647, 651 (11th Cir. 1986). A finding is not "clearly erroneous" unless the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). Here, Appellant offers no evidence undermining the Bankruptcy Court's account of the parties' agreement. The Bankruptcy Court's order stated that it decided to abate discovery and order summary judgment briefing after "querying of the parties at the hearing" and "determining that it is appropriate to direct the following relief." That statement is not incompatible or inconsistent

with a finding that the parties agreed that the matter could be decided on the basis of the Colorado Judgment. As such, the Court finds no error in the Bankruptcy Court's statement of the record.[1]

### C. Whether the Abatement Order Foreclosed Appellant's Ability to Invoke Rule 56(d) Protection

Appellant next argues that the Court eliminated his opportunity to fully develop his case when it abated discovery and ordered summary judgment briefing. ECF No. [11] at 23–25. He contends the Bankruptcy Court "ensured" that he "could never file a timely Rule 56(d) declaration." *Id.* at 24. Appellant points to areas of discovery that he would have developed absent the abatement of discovery. *Id.* at 25–27.

Appellee responds that because the Summary Judgment Order relied on the Colorado Judgment and not on "unresolved discovery matters," the additional discovery sought by Appellant would not have impacted the case. ECF No. [15] at 30–31. Moreover, nothing precluded Appellant from seeking relief pursuant to Rule 56(d). *Id.* at 31.

The Court disagrees with Appellant. The law surrounding Rule 56(d) is clear. "If a summary judgment motion is filed before discovery, the party opposing summary judgment may move the court under Rule 56(d) to permit the discovery necessary to oppose the motion." *Edgewater House Condo. Ass'n v. City of Fort Lauderdale*, 825 F. App'x 658, 664 (11th Cir. 2020) (internal quotation marks, citation, and brackets omitted). The movant must "specifically demonstrate how postponing the court's ruling would have enabled him, by discovery or other means, to rebut [the opposing party's] showing of the absence of a genuine issue of fact." *Id.*

---

[1] Appellant briefly raises an argument that the Bankruptcy Court's failure to rule on the pending motion to quash is reversible error. ECF No. [11] at 22. However, as the Court just discussed, there is no evidence that the parties did not agree the matter could be decided based on the findings of fact contained in the Colorado Judgment. As such, the subpoena at issue had become moot, and there is no error in the Bankruptcy Court not providing an additional ruling.

(citation omitted). Nothing precluded Appellant from moving for Rule 56(d) relief if he felt doing so was appropriate. The Court finds that Appellant's failure to move for relief and his decision to fully participate in summary judgment briefing weigh against finding error by the Bankruptcy Court.

**D. Whether the Bankruptcy Court Misapplied Collateral Estoppel**

Appellant next argues that the Bankruptcy Court erred in treating the Colorado Judgment's denial of exemplary damages as preclusive of the federal § 523(a)(6) malice inquiry. ECF No. [11] at 27. Specifically, Appellant argues that the issues were not strictly identical, and the Bankruptcy Court abdicated its exclusive federal jurisdiction to decide the issue of dischargeability. *Id.* at 27–29.

Appellee responds that the Bankruptcy Court correctly stated the law—preclusion principles apply in bankruptcy dischargeability actions, and Colorado law dictates the preclusive effect of the Colorado Judgment. ECF No. [15] at 14–15. Moreover, this case reflects a valid use of defensive collateral estoppel, and the Colorado Judgment's factual findings make clear that malice did not exist. *Id.* at 15–16. Fundamentally, once the preclusive factual findings were established, Appellant could not establish malice under § 523(a)(6). *Id.* at 17–18.

Appellant replies that the Colorado Judgment's findings on malice were based on "[Appellant]'s passivity—not [Appellee]'s innocence." ECF No. [16] at 2. Moreover, the Colorado Judgment is internally inconsistent, finding intent but not malice. *Id.* at 3. Furthermore, collateral estoppel does not apply because the issues are not identical. *Id.* at 5. Appellant points to three errors: (1) the Bankruptcy Court misstated the Colorado Judgment's exemplary damages ruling, (2) the Bankruptcy Court found willfulness but not malice without explaining how one is satisfied but not the other, and (3) collateral estoppel was unavailable, as the issues are not identical. *Id.* at 12–13.

In general, a Chapter 7 debtor is "entitled to a discharge of all debts that arose prior to the filing of the bankruptcy petition. But 'this "fresh start" policy is only available to the "honest but unfortunate debtor."'" *In re Kane*, 755 F.3d 1285, 1292 (11th Cir. 2014) (citations omitted). Thus, Congress created several exceptions to the general rule of discharge. *Id.* One such exception is found in § 523(a)(6), and it excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).[2]

The Eleventh Circuit has explained that a debtor commits a "willful" injury when he "commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury." *Kane*, 755 F.3d at 1293 (quoting *In re Jennings*, 670 F.3d 1329, 1334 (11th Cir. 2012)). The actor must *intend* the injury, not merely cause the injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62 (1998). The term "malicious" means "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will." *Jennings*, 670 F.3d at 1334 (quotation marks and citation omitted). In the context of a § 523(a)(6) analysis, "[c]onstructive or implied malice can be found if the nature of the act itself implies a sufficient degree of malice." *In re Ikner*, 883 F.2d 986, 991 (11th Cir. 1989).

Separately, under Colorado law, four elements must be established for collateral estoppel to apply. *People ex rel. Gallagher, In & For Eighteenth Jud. Dist. v. Dist. Ct. In & For Arapahoe Cnty.*, 666 P.2d 550, 554 (Colo. 1983) (citing *People v. Hearty*, 644 P.2d 302 (Colo. 1982); *Pomeroy v. Waitkus,* 183 Colo. 344, 517 P.2d 396 (1973)).

> First, the issue must be identical to an issue that was actually and necessarily decided at a prior proceeding. Second, there must have been a final judgment on the merits at the first proceeding. Third, there must be identity of parties, or privity between parties, against whom the doctrine is asserted. Fourth, the party against

---

[2] Since a bankruptcy court's determination that an injury was "willful and malicious" is a factual finding, "on appeal, we review *de novo* any legal interpretation of the terms 'willful' and 'malicious,' but we review only for clear error the bankruptcy court's finding that a creditor showed a willful and malicious injury by a preponderance of the evidence." *Kane*, 755 F.3d at 1293.

> whom the doctrine is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Id*. Importantly, collateral estoppel "applies to both legal and factual issues." *Grynberg v. Arkansas Oklahoma Gas Corp.*, 116 P.3d 1260, 1264 (Colo. App. 2005) (citing *Carpenter v. Young*, 773 P.2d 561 (Colo. 1989)). As a result, "[i]f two cases present different legal issues, but nevertheless involve the same underlying factual issue, collateral estoppel may apply." *Id.* (citations omitted). Importantly, "[w]hile collateral estoppel may bar a bankruptcy court from relitigating factual issues previously decided in state court, [] the ultimate issue of dischargeability is a legal question to be addressed by the bankruptcy court in the exercise of its exclusive jurisdiction to determine dischargeability." *In re St. Laurent*, 991 F.2d 672, 676 (11th Cir. 1993), *as corrected on reh'g* (June 22, 1993) (citation omitted).

The Bankruptcy Court correctly determined that issue preclusion applies and correctly stated the relevant Colorado law for determining the preclusive effect of an earlier judgment. ECF No. [1] at 8–9.

Moreover, the Bankruptcy Court correctly applied principles of collateral estoppel to the Colorado Judgment. The Bankruptcy Court focused on the Colorado Judgment's *factual* findings, determining that those facts were identical to the issues raised in the instant case, were litigated to a final judgment on the merits between the same parties, and were based on a full and fair opportunity to litigate in the Colorado proceedings. Those findings included the following—that defendants other than Appellee paid for the expenses associated with the property, handled all communications with Appellant regarding the lease, and were "directly and substantially involved with the cultivation of marijuana" at the subject property. ECF No. [1] at 10–11. Appellee, by contrast, was not found to have had that level of involvement and was only found to have "known about and participated in the marijuana cultivation" at the subject property. *Id.* at 11. The

Bankruptcy Court then analyzed Colorado law's definition of "malice" to determine the significance of the Colorado Judgment's factual conclusion that Appellee's conduct was not sufficiently malicious to justify exemplary damages. *Id*. Taking all of this under consideration, the Bankruptcy Court concluded that it could not find malice for purposes of § 523(a)(6). *Id*. That analysis is without error and the Bankruptcy Court properly applied collateral estoppel to the factual matters from the Colorado Judgment.

Finally, Appellant contends that the Bankruptcy Court erred in finding the Colorado Judgment's "malice" finding relevant. Appellant suggests that the Bankruptcy Court wrongly treated the Colorado and federal definitions of malice as identical, abdicating its responsibility to independently assess malice for purposes of § 523(a)(6). ECF No. [11] at 27–29. The Court finds *SAFS, Inc. v. Davis* instructive. No. 21-81750-CIV, 2022 WL 3684917 (S.D. Fla. Aug. 4, 2022), *report and recommendation adopted*, No. 21-81750-CV, 2022 WL 3656974 (S.D. Fla. Aug. 25, 2022). There, a creditor filed a state court lawsuit against a debtor seeking to enforce certain contracts. *Id.* at *1. The jury found for the creditor but denied punitive damages, finding that the debtor's conduct was not "outrageous, either because he acted with reckless indifference toward [the creditor's] rights or engaged in conduct that constitutes an intentional and wanton violation of those rights[.]" *Id.* at *2. The debtor then filed for Chapter 7 bankruptcy, and the creditor challenged the debtor's right to discharge the judgment the creditor obtained in the state court lawsuit. *Id*. The bankruptcy court reasoned that the state court finding of no punitive damages "precluded re-litigation of 'willful and malicious' conduct." *Id*. The district court affirmed the bankruptcy court's § 523(a)(6) determination that collateral estoppel barred the § 523(a)(6) claim, finding that the creditor's failure to prove the debtor acted in reckless disregard meant that the creditor could never prove the "willful" prong of a § 523(a)(6) claim. *Id.* at *5. Applying *SAFS,* the Bankruptcy Court was well within its rights to compare a state definition of a term to a federal

definition for purposes of assessing the relevance of a state court factual finding. Of course, Appellant is correct that the Bankruptcy Court could not have found "malice" defined identically between Colorado and federal law and therefore treated the federal "malice" question as disposed of by the Colorado Judgment. But the Bankruptcy Court did not do that. It *compared* the two definitions to assess the relevance of the Colorado Judgment's findings on malice and determined that the Colorado Judgment's finding on malice was relevant. That is a proper legal analysis.

### E. Whether the *Rooker-Feldman* Affirmative Defense "Infected" the Bankruptcy Court's Analysis

Appellant next argues that the *Rooker-Feldman* doctrine had no application to this proceeding, but the Bankruptcy Court nonetheless applied the doctrine to bar Appellant's claims. ECF No. [11] at 29–31. Appellee responds that *Rooker-Feldman* was irrelevant to the Summary Judgment Order. ECF No. [15] at 31. Instead, the Bankruptcy Court rested its decision "on collateral-estoppel principles and the insufficiency of the precluded facts to prove malice." *Id.*

A review of the record does not support that Appellee "planted a seed" regarding *Rooker-Feldman* which later "infected" the Summary Judgment Order. ECF No. [11] at 29–31. The Bankruptcy Court plainly relied on collateral estoppel principles, and those principles were the basis of its decision. There is no indication in the Summary Judgment Order that the *Rooker-Feldman* doctrine played any role in the Bankruptcy Court's reasoning, and the Court finds this argument from Appellant without merit.

### F. Whether "Unproven, Slanderous Factual Allegations" Were Permitted to Remain in the Record

Appellant argues that factual allegations found in Appellee's affirmative defenses were improperly allowed to remain in the record, ECF No. [11] at 31, and because the Bankruptcy Court abated discovery, such allegations went unrebutted. *Id.* at 32. The presence of such allegations

"infected these proceedings with a defamatory falsehood." *Id.* at 34. Appellee responds that defects in affirmative defenses or disputed pleading allegations do not matter where the Bankruptcy Court relied on the Colorado Judgment. ECF No. [15] at 32.

The Court finds no error in the Summary Judgment Order. The Summary Judgment Order was expressly predicated on, and limited to, the factual findings in the Colorado Judgment. Indeed, that was "the only evidence" upon which the Bankruptcy Court relied. ECF No. [1] at 4. Appellant provides no reason to believe that any external allegations "infected" the Summary Judgment Order. Indeed, Appellant contends that a reversible error exists "*[i]f* the Bankruptcy Court's analysis was in any way influenced by" these allegations yet provides no actual reason to believe the Bankruptcy Court was so influenced. The Summary Judgment Order is limited to the Colorado Judgment's factual findings and not factual allegations contained in any affirmative defense. The Court finds no reversible error.

**G. Whether the Bankruptcy Court Erred in Not Addressing Appellee's Sworn Admissions**

Appellant next argues that the Bankruptcy Court erred in not addressing Appellee's sworn admissions—found across interrogatories, requests for admission, trial testimony, and other sources—which he contends conclusively establish malice. ECF No. [11] at 34–51. Appellant points to two categories of admissions—those from the Colorado proceedings and those from the discovery undertaken in the bankruptcy proceeding. *Id*. As to the former category, the Bankruptcy Court relied on the Colorado Judgment's factual findings, which in turn incorporated any such admissions. The significance of any such admissions was fairly and fully litigated, and the Colorado Judgment made certain factual findings after considering them. This implicates the precise nature and purpose of collateral estoppel—that a court should not reconsider evidence that has already been fully weighed and litigated in a final judgment before another court. Thus, the

Bankruptcy Court did not err in failing to address depositions from the Colorado proceeding where preclusive findings based on them were already made.

As to discovery materials from the bankruptcy proceeding, the Bankruptcy Court again did not err in failing to discuss them. The Bankruptcy Court expressly found that no additional factual material was necessary beyond the Colorado Judgment, and the parties agreed to this. ECF No. [1] at 4. As such, the Bankruptcy Court did not rely on any evidence beyond the factual findings in the Colorado Judgment and was performing precisely the analysis that it indicated to the parties it would do.

### H. Whether "Fraudulent Procurement of the Lease" Establishes Malice

Appellant's final argument is that the Summary Judgment Order improperly focuses on Appellee's actions after the lease was signed and does not consider Appellee's fraudulent procurement of the lease, which satisfies § 523(a)(6) as a matter of law. ECF No. [11] at 51–53. Appellee responds that this theory was expressly considered and rejected in the Colorado Judgment. ECF No. [15] at 32.

In the Colorado Judgment, the state court expressly considered Appellant's claim of fraudulent misrepresentation, finding that the claim failed as Appellant did not prove that any false representation was made. ECF No. [7-3] at 18. In other words, the issue of fraud was actually, fully, and fairly litigated in the Colorado proceeding, and the Colorado Judgment's findings regarding it are entitled to preclusive effect. As such, the Bankruptcy Court did not err in failing to consider Appellant's contentions regarding fraudulent procurement of the lease, as such contentions were properly subject to collateral estoppel.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The decision of the U.S. Bankruptcy Court of the Southern District of Florida, as

evidenced in the Bankruptcy Court's Summary Judgment Order dated February 27, 2026, *see Hudson v. Espinosa,* No. 25−01227−CLC, ECF No. [65], is **AFFIRMED**.

2. This appeal is **DISMISSED**.
3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 13, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Chad Hudson
10940 S. Parker Road
Parker, CO 80134
720-400-0444
Email: chadhudson927@gmail.com
PRO SE